IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:11-CR-00136-FL-1
NO. 7:13-CV-00006-FL

| | |
|---|---|
| MATTHEW BRIAN WARFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.    ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This cause comes before the Court upon petitioner Matthew Brian Warford's motion (DE 38) under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate"), which respondent government seeks to dismiss (DE 41). On June 19, 2013, the Court notified the parties that the government's motion to dismiss would be converted to one of summary judgment and allowed Warford and the government time to file supplemental responses. Warford filed a response on July 12, 2013. Upon receiving no response from respondent, the Court directed the government to submit an affidavit from Warford's trial counsel by July 24, 2013. (DE 47). Further, the Court notified the parties that an evidentiary hearing would be held on August 27, 2013 and directed the Office of the Federal Public Defender to appoint counsel to represent Warford at the hearing. On July 24, 2013, the government filed an affidavit by Warford's trial counsel, Todd. A. Smith. (DE 50-1). The evidentiary hearing took place as scheduled on August 27, 2013. Accordingly, the motion to vacate and the motion for summary judgment are ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the reasons set forth

herein, the undersigned RECOMMENDS that the Court DENY Warford's motion to vacate (DE 38) and GRANT the government's motion for summary judgment (DE 41).

I.   BACKGROUND

On February 16, 2012, Warford pled guilty pursuant to a written plea agreement to transportation of child pornography, in violation of 18 U.S.C. § 2252(a), as charged in count two of the indictment. (DEs 25, 28). In the plea agreement, Warford agreed, *inter alia*, to:

> waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

(DE 28, Plea Agreement 1-2). For its part, the government agreed to dismiss counts one and three of the indictment. The parties further agreed that a downward adjustment of three levels for acceptance of responsibility was warranted under U.S.S.G. § 3E.1. (DE 28, Plea Agreement 7).

At the Rule 11 hearing held February 16, 2012, Warford testified that he understood his rights, the charges against him, and the plea agreement he had signed. (DE 45, Arraignment Hr'g Tr. 16–26). Warford also indicated his satisfaction with his attorney, Todd Allen Smith. *Id*. at 16:21–22. Based on the hearing and the evidence presented, the presiding magistrate judge found that the plea of guilty was knowingly and voluntarily made, and fully supported by an independent factual basis. *Id*. at 29:15–18. The district court sentenced Warford on July 10, 2012 to a term of imprisonment of 180 months. (DE 33).

On January 8, 2013, Warford filed the instant § 2255 motion, asserting he received ineffective assistance of counsel (ground one); was denied his rights under the Fifth Amendment (ground two); was subjected to double jeopardy (ground three); and was not given a preliminary hearing (ground four). With regard to the issue of ineffective assistance of counsel, a hearing held on August 27, 2013 at which Warford and his former counsel, Mr. Smith, testified. (DE 59, Hearing transcript, Aug. 23, 2013). Warford contended that he instructed Smith to file an appeal but that he was told there would be no appeal because the plea agreement contained a waiver of appeal.

Warford testified that he went before Judge Daniel and pled guilty to the crime of transportation of child pornography. (*Id*. at 5:2–7). He also stated that he signed the plea agreement that called for a minimum sentence of 15 years. (*Id*. at 5:8–9; 7:16–23). Warford acknowledged that both Smith and Judge Daniel reviewed the plea agreement with him. (*Id*. at 8:5–11). In fact, the transcript of the hearing before Judge Daniel elicited the following exchange:

| | |
|---|---|
| Judge Daniel: | I ask you, Mr. Warford, did you have the opportunity to thoroughly read and review this plea agreement with Mr. Smith, your attorney, before you signed it? |
| Warford: | Yes, sir. |
| Judge Daniel: | After you read and reviewed the plea agreement with Mr. Smith, did you, and do you now understand the terms language, words, and phrases used in this plea agreement? |
| Warford: | Yes, sir. |
| | \*      \*      \* |
| Judge Daniel: | Has anyone promised you anything to get you to plead guilty to count two that's not written in this plea agreement? |

3

| | |
|---|---|
| Warford: | No, sir. |

*   *   *

| | |
|---|---|
| Judge Daniel: | Have you answered all my questions truthfully? |
| Warford: | Yes, sir. |

(DE 45 at 23:10–24:8; 25:25–26:1).

At the August 27, 2013 evidentiary hearing, when asked whether he had lied, under oath, to Judge Daniel, Warford replied affirmatively that he had been untruthful. (DE 59 at 12:13–13:17; 14:3–12). Warford testified that Smith had asked him to lie under oath. (*Id*. at 14:13–15). Warford further stated he did not discuss an appeal with Smith after the sentencing but that, the day *before* his sentencing hearing, he asked Smith to file an appeal. (*Id*. at 9:4–6; 14:20–25). He did not communicate with Smith regarding an appeal after sentencing. (*Id*. at 10:7–9; 14:2–22).

Smith also testified at the August 27, 2013 evidentiary hearing. He staed that he represented Warford during the pea and sentencing phases. (*Id*. at 17:18–22). He testified that he encouraged Warford to accept the plea as it did not appear that he had a good chance of winning at trial. (*Id*. at 17:23–18:6). The plea agreement contained a waiver of appeal which, Smith testified, he discussed with Warford. (*Id*. at 18:14–24; 19:4–8). Smith stated that he visited Warford the day before sentencing and he informed Warford that, although he did not believe an appeal would be successful, Warford nonetheless had an absolute right to appeal. (*Id*. at 19:18–21). Smith further stated that Warford never instructed him to appeal. (*Id*. at 20:3–8). Smith testified that, after sentencing, Warford never contacted him about an appeal. (*Id*. at 20:14–17). Smith further testified that at no point did he instruct Warford to lie. (*Id*. at 21:16–19).

4

The government asserts that the motion to vacate should be summarily denied.

## II. LEGAL STANDARDS

### A. *Summary Judgment*

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to find for the non-moving party). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Summary judgment is not a vehicle for the court to weigh the evidence and determine the truth of the matter, but to determine whether a genuine issue exists for trial. *Anderson*, 477 U.S. at 249. In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 247–48. Accordingly, the court must examine the materiality and the genuineness of the alleged fact issues in ruling on such motion. *Id*. at 248–49.

"A document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002). However,

> [w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them' . . . . The 'special judicial solicitude' with which a district court should view such pro se complaints does not transformer the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.

*Weller v. Dep't of Soc. Services for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986)).

    B.    *28 U.S.C. § 2255*

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. *See, e.g., Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549, at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

C. *Effect of Petitioner's Guilty Plea*

A valid guilty plea constitutes admission of the material elements of the crime. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court observed that "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id*. at 266–67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id*.

Notably, statements made by a defendant during a hearing to accept a guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed:

> [A] defendant's solemn declarations in open court . . . "carry a strong presumption of verity" . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . "Indeed, because they do carry such a presumption, they present "a formidable barrier in any subsequent collateral proceedings." Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should,

7

without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated—"permitting quick disposition of baseless collateral attacks."

*United States v. Lemaster*, 403 F.3d 216, 221-222 (4th Cir. 2005) (internal citations and quotations omitted).

### D. Ineffective Assistance of Counsel

Warford asserts his counsel was constitutionally deficient. To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. *Strickland v. Washington*, 466 U.S. 668, 686–87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

To establish prejudice in the context of a guilty plea, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). With regard to prejudice at sentencing, a petitioner must show a reasonable probability that he would have received a more lenient sentence but for counsel's errors. *See Glover v. United States*, 531 U.S. 198, 202–04 (2001); *United States v. Russell*, 34 F. App'x 927, 928 (4th Cir. 2002) (unpublished).

8

## III. ANALYSIS

*A. Ground One*

*(1) Sentence*

Warford first contends he received ineffective assistance of counsel because his attorney mistakenly advised him he would receive a "0-5 plea." Warford states that he "never really [saw] the plea" agreement before he signed it. Further, because his attorney spoke in terms of months, not years, Warford asserts he did not understand that his sentence was fifteen years. Had he understood his potential sentence, Warford contends he would not have pleaded guilty but instead proceeded to trial. This argument is unsupported by the evidence.

At the arraignment, Judge Daniel discussed the punishments which Warford faced and stated:

> So on count two . . . it's a minimum of five years', up to a maximum twenty years' imprisonment, up to a $250,000 fine, or both such fine and imprisonment, at least five years' with the possibility of lifetime of supervised release following any imprisonment, up to a life imprisonment if that supervised release were to be revoked; the required $100 special assessment and restitution.
>
> However, if you've had . . . a prior conviction under the laws of any state relating to sexual abuse, or the production, possession, receipt, mailing, sale, distribution, shipment or transportation of child pornography, that punishment would be enhanced or increased to a minimum of 15 years' imprisonment to a maximum 40 years' imprisonment . . . [.]

(DE 45 at 21:7–23). Judge Daniel asked Warford is he understood the charges and the maximum punishments he might receive, to which Warford responded, "Yes, sir." (*Id*. at 22:21–24). Additionally, at his sentencing hearing on July 10, 2012, Judge Flanagan specifically stated: "In light of your criminal history, the advice to The Court of sentence guidelines where you face not less than 15 not more than 40 years in prison is you should be sentenced to 180 months." (DE 46

9

at 5:6–9).

Smith's affidavit supports the conclusion that Warford was informed of the sentence he faced. The affidavit avers that Smith had several conversations with Warford regarding sentencing, including the mandatory minimum sentences for each charge. (DE 50-1 ¶ 4). Smith further maintains that the sentences were discussed in terms of both months and years on several occasions. *Id*. Smith contends that he informed Warford that a plea would expose him to a fifteen year sentence. *Id*.

Further, Warford's testimony at the evidentiary hearing is inconsistent with his earlier testimony at his arraignment and sentencing hearings. First, he stated, under oath, that he had read the plea agreement, that he understood the plea agreement, and that no one had made him any promises not contained in the plea agreement. He subsequently testified at the evidentiary hearing that he had not read the plea agreement, that he did not understand the plea agreement and that he was promised a sentence of less than five years, despite the fact that the plea agreement clearly stated that the minimum penalty is fifteen years. As noted above, both Judges Daniel and Flanagan advised him that he faced a 15 year sentence.

Moreover, to the extent Warford bases his ineffective assistance claim on his counsels' failure to accurately predict his sentence at the time of his guilty plea, a "miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *Hughes v. United States*, Nos. 1:05CV57, 1:02CR-45-8, 2007 U.S. Dist. LEXIS 19416, at *12 (W.D.N.C. 2007) (quoting *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993)); *see also Bethel v. United States*, 458 F.3d 711, 717 (7th Cir. 2006) ("An inaccurate prediction of a sentence alone is not enough

to meet the standard [of ineffective assistance]."), *cert. denied*, 549 U.S. 1151 (2007); *United States v. Foster*, 68 F.3d 86, 87–88 (4th Cir. 1995). As the Seventh Circuit has observed:

> [T]he sentencing consequences of guilty pleas (or, for that matter guilty verdicts) are extraordinarily difficult to predict. Although the sentencing guidelines significantly restrict the sentencing discretion of the district courts, that discretion is still extensive, and predicting the exercise of that discretion is an uncertain art. Therefore, . . . a mistaken prediction is not enough in itself to show deficient performance, even when that mistake is great[.]

*United States v. Barnes*, 83 F.3d 934, 940 (7th Cir. 1996). Thus, even if Smith miscalculated his sentence as alleged, as it does not constitute constitutionally deficient performance, Warford fails to state a claim of ineffective assistance of counsel based on this asserted error.

Furthermore, the Fourth Circuit has held that a defendant who pleads guilty cannot show prejudice arising from misinformation his counsel provides regarding sentencing if the court subsequently corrects or clarifies the erroneous information at the Rule 11 hearing. *Foster*, 68 F.3d at 88. Here, Warford was informed at the Rule 11 hearing of the maximum penalties he faced. In addition, the plea agreement Warford signed clearly set forth the maximum sentences for the offenses to which he pleaded guilty. (DE 28, Plea Agreement 6–8). Because any miscommunication about sentencing was corrected at the Rule 11 hearing, Warford cannot show prejudice arising from his counsel's allegedly faulty prediction of his sentence. Cf. *United States v. Gosain*, 991 F.2d 791, published in full-text format at 1993 U.S. App. LEXIS 3368, at *4 (4th Cir. Feb. 19, 1993) (unpublished table decision) ("[T]his Court has held that an attorney's bad estimate of the likely sentence does not invalidate a guilty plea when the district court informs the defendant that his sentence cannot be specifically predicted and the defendant acknowledges that he understands that to be the case.").

11

*(2) Appeal*

Warford also stated that, on July 10, 2012, the date of his sentencing hearing, he instructed Smith to file an appeal. (DEs 56, 57 ¶ 3). This statement is belied by Petitioner's testimony at the evidentiary hearing wherein he asserted that he instructed Smith the day *before* the sentencing hearing to file an appeal. (DE 59 at 9:4–6; 14:20–25). It also conflict with Warford's response filed on July 12, 2013, wherein he contends that he "told counsel after he was sentenced on the day he was sentenced to file an appeal[.] (DE 47 at 1–2). The Court also notes the stark contrast in the testimony of Warford and Smith when, for example, Warford testified that Smith directed him to lie under oath and that he instructed Smith to file an appeal on his behalf. Smith denied both allegations. Such conflicting accounts not only between Warford's and Smith's recollections but also among Warford's pre-sentence statements, his statements in support of his § 2255 petition and his testimony at the evidentiary hearing diminish Warford's credibility. Consequently, the Court concludes that Warford is not credible, that Smith is credible and that Warford did not instruct Smith to file an appeal on his behalf. Accordingly, summary judgment in favor of the United States is warranted on this claim.

*B. Grounds Two and Three*

Warford next asserts that his conviction violates the Fifth Amendment, because he already pleaded guilty to state charges arising from the same conduct.

The Double Jeopardy Clause protects against the imposition of multiple punishments for the same offense in successive prosecutions by the same sovereign. U.S. CONST. art. V; *Heath v. Alabama*, 474 U.S. 82, 88, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985). However, separate sovereigns may prosecute the same conduct without violating the Double Jeopardy Clause. *Heath*, 474 U.S.

12

at 88-89; *United States v. A-A-A Electrical Co.*, 788 F.2d 242, 246 (4th Cir. 1986). The inquiry is whether the sovereigns draw their authority from the same source of power. *United States v. Lanza*, 260 U.S. 377, 382, 43 S.Ct. 141, 67 L.Ed. 314 (1922) (noting that when sovereigns derive their power from different sources, "an act denounced as a crime by both national and state sovereignties ... may be punished by each"); cf. *United States v. Louisville Edible Oil Prods., Inc.*, 926 F.2d 584, 587 (6th Cir. 1991) (stating that the dual sovereignty doctrine holds the Double Jeopardy Clause inapplicable to separate sovereigns even if both criminal suits are for the same offense (citing *United States v. A Parcel of Land, Etc.*, 884 F.2d 41, 43 (1st Cir. 1989))

The Constitution does not deny the State of North Carolina and the United States Governments the power to prosecute for the same act. *Rinaldi v. United States*, 434 U.S. 22, 28, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977). Thus, under the application of the dual sovereignty exception to the double jeopardy bar render's Warford's federal conviction constitutionally sound. *See Heath*, 474 U.S. at 89 ("[T]he Court has uniformly held that States are separate sovereigns with respect to the Federal Government because each State's power to prosecute is derived from its own 'inherent sovereignty,' and not from the Federal Government.") (citation omitted).

Nor is Warford's guilt in doubt. At the arraignment hearing, Judge Daniel asked Warford how he plead to Count Two of the bill of indictment against him, transportation of child pornography in violation of 18 U.S.C. §2252, to which Warford replied "Guilty." (DE 45 at 26:9–14). Further:

> Judge Daniel: Did you, as charged in count two of the bill of indictment, on or about August 22 of 2012, knowingly, transport and ship in interstate and foreign commernce by means of a computer, visual depictions, the production of such visual depictions involving the

13

|  |  | use of minors engaged in sexually explicit conduct, and that such visual depictions was of that conduct? Did you do those things? |
|---|---|---|
| Warford: | | Yes, sir. |
| Judge Daniel: | | And you're sure about that? |
| Warford: | | Yes, sir. |

(*Id*. at 26:15–25). Moreover, Smith's testimony that Warford admitted his guilt to him (DE 59 at 23:2–3), Warford's guilty plea to the federal charge and the state conviction all corroborate a finding that Warford is guilty. Most conclusively, Warford, in his §2255 petition, states "now I am not saying I am not guilty because I am." (DE 38 at 8).

Accordingly, this argument lacks merit and the Government is entitled to summary judgment thereon.

*C. Ground Four*

Finally, Warford contends he did not have a preliminary hearing. He contends he was informed by other inmates that a preliminary hearing was "to get rid of [evidence.]" (DE 38 at 11). Smith testified that Warford was seeking a suppression hearing attempting to exclude certain evidence which, in Smith's opinion, could not be suppressed. (DE 50-1 ¶ 9; DE 59 at 23:18–24:19). Smith discussed with Warford that a suppression hearing would not be to his benefit. (*Id*. at 20:20–24). Petitioner has failed to carry his burden by showing what evidence would have been suppressed had a suppression hearing been held. In fact, he does not even identify which evidence he contends is excludable. As such, he has failed to demonstrate a constitutional violation with respect to this issue. Thus, the United States is entitled to summary judgment on this claim.

14

Case 7:11-cr-00136-FL   Document 60   Filed 09/23/13   Page 14 of 15

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the motion to vacate (DE 38) be DENIED and the government's motion to dismiss, converted to one of summary judgment (DE 41) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on 23rd day of September, 2013.

WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE