IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:11-CR-136-FL
NO. 7:13-CV-6-FL

| | |
|---|---|
| MATTHEW BRIAN WARFORD, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion to vacate his sentence, made pursuant to 28 U.S.C. § 2255 (DE 38), and the government's motion for summary judgment on the same (DE 41). Pursuant to 28 U.S.C. § 636(b)(1) United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R")(DE 60) wherein he recommends that the court grant the government's motion for summary judgment, and deny petitioner's motion. Petitioner timely filed objections to the M&R and issues raised are ripe for ruling. For the reasons that follow, the court ADOPTS in large part the recommendation of the M&R, GRANTS IN PART the government's motion for summary judgment and DENIES petitioner's motion to vacate.

**BACKGROUND**

The court references the detailed background in the M&R, and briefly summarizes further as follows. On February 16, 2012, petitioner pleaded guilty, pursuant to a written plea agreement, to one count of transportation of child pornography, in violation of 18 U.S.C. § 2252(a). In that plea agreement, petitioner agreed to:

> waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment

> of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement ¶ 2.c. (DE 28). As outlined in the M&R, a Rule 11 hearing was held at the time of petitioner's guilty plea. Petitioner was thoroughly examined, and testified that he understood the charges against him, his rights, and the plea agreement he had signed. Tr. Arraignment Hr'g 16-26. Petitioner also stated that he was satisfied with the services of his attorney. Id. at 16. The court accepted petitioner's guilty plea. Id. at 29. On July 10, 2012, the court sentenced petitioner to 180 months incarceration.

On January 8, 2013, petitioner filed the instant motion to vacate, which was referred for M&R. Petitioner asserts that (1) he received ineffective assistance of counsel where counsel allegedly informed him he would receive no more than a five year sentence, and where counsel failed to file an appeal despite being instructed to do so; (2) he was denied the right to cross-examine witnesses against him;[1] (3) was subjected to double jeopardy; and (4) was not given a suppression hearing.[2] The government responded on February 19, 2013, moving to dismiss petitioner's motion. The court converted the government's motion to dismiss into a motion for summary judgment, and allowed the parties time to file supplemental briefing. Where no such briefing was filed by the government, the court, by order entered July 22, 2013, directed the government to submit an

---

[1] Petitioner's second ground for relief is very unclear. In the M&R this ground is described as an assertion that he was denied due process of law. This ambiguity is ultimately of no importance, however, where the objection revolves around an assertion the petitioner was wrongfully convicted without cross examining witnesses, and the court concludes that petitioner entered a knowing and voluntary guilty plea.

[2] Petitioner refers in his motion to "a preliminary hearing" but it is clear he means to refer to a suppression hearing where he states that he learned that such hearings were to "get rid of [evidence]." Pet.'s Mot. to Vacate 11.

2

affidavit from petitioner's trial counsel Todd A. Smith ("Smith"), and the government did so. In this affidavit, Smith asserts that he and petitioner discussed petitioner's right to appeal on several occasions and denied that petitioner instructed him to file an appeal. Smith Aff. ¶ 10.

Also on July 22, 2013, finding there were certain disputed material facts requiring a credibility determination to be made with respect to petitioner's claim for ineffective assistance of counsel, the court gave the parties notice that it would hold an evidentiary hearing on petitioner's motion to vacate. In that notice, the court ordered the Office of the Federal Public Defender to appoint counsel to represent petitioner at evidentiary hearing. Such evidentiary hearing was held August 27, 2013. The instant M&R was entered on September 23, 2013. Petitioner timely filed objections thereto, which the court takes up at this time.

**COURT'S DISCUSSION**

A.    Standard of Review

A petitioner who seeks to vacate his sentence under 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In these proceedings, the burden of proof by a preponderance of the evidence rests on the petitioner. Miller v. United States, 261 F.2d 546, 547 (4th Cir.1958).

Rule 12 of the Rules Governing Section 2255 Proceedings ("Habeas Rules") states that, "[t]he Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material

3

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to find for the non-moving party). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

Summary judgment is not a vehicle for the court to weigh the evidence and determine the truth of the matter, but to determine whether a genuine issue exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247-48. Accordingly, the court must examine the materiality and the genuineness of the alleged fact issues in ruling on this motion. Id. at 248-49.

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for

4

"clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.      Analysis

     1.      Petitioner's Objections

Petitioner first objects to the M&R asserting that he only pleaded guilty where he was coerced to do so by Smith, his trial counsel. Although petitioner characterizes this coercion as "ineffectiveness," this argument varies from the ineffective assistance arguments petitioner raised before the magistrate judge.[3] This argument is also without merit. At petitioner's Rule 11 hearing, petitioner was repeatedly asked if anyone threatened or tried to force him in any way to plead guilty, and he responded negatively. See Tr. Arraignment Hr'g 24-25. Petitioner's solemn declarations in open court regarding his plea agreement "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). "Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established . . . ." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

Here, such extraordinary circumstances are absent. Moreover, the only evidence petitioner raises to support his argument that he was "coerced" into pleading guilty is Smith's testimony that he encouraged petitioner to plead guilty because it did not appear that petitioner had a good chance of winning at trial. See Tr. Evid. Hr'g 17-18. Such advice of counsel does not constitute coercion.

---

[3] Although petitioner had previously argued that his guilty plea was involuntary, he did so as part of an argument made that Smith was ineffective for failing to apprise him of the sentence he faced. Petitioner has not previously asserted that his plea was coerced because counsel refused to proceed to trial.

5

Petitioner's first objection is therefore overruled.

Petitioner next objects to the M&R's recommendation that his attorney was not ineffective with respect to his sentence, arguing that he only stated that he was content with his counsel because Smith informed him that he would receive a sentence of no more than five years if he pleaded guilty. Once again, this is belied by petitioner's testimony at his Rule 11 hearing. Petitioner stated that he had thoroughly read and reviewed his plea agreement with Smith before signing it. See Tr. Arraignment Hr'g 23. This plea agreement specifically noted that he would be subject to a minimum term of imprisonment of fifteen (15) years if he had a prior conviction "under the laws of any State relating to . . . sexual abuse, [or] abusive sexual contact involving a minor." Plea Agreement 4-5. Petitioner had a prior conviction under North Carolina law for committing indecent liberties with a child.

Petitioner was then specifically and repeatedly asked if anyone had promised him anything other than what was memorialized in his plea agreement to induce him to plead guilty. He responded that no such promises were made. See Tr. Arraignment Hr'g 24. Even if Smith erroneously had told petitioner that he could be sentenced to no more than five years imprisonment, he was informed at arraignment of the penalties he faced, eliminating any potential prejudice from any purported misadvice by counsel. See id. at 21; United States v. Akinsade, 686 F.3d 248, 253 (4th Cir. 2012) ("A defendant may be unable to show prejudice if at the Rule 11 proceeding the district court provides an admonishment that corrects the misadvice and the defendant expresses that he understands the admonishment."); see also Bell v. Evatt, 72 F.3d 421, 427 (4th Cir. 1995) (noting for a claim for ineffective assistance of counsel to succeed, one thing a petitioner must show is "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding

6

would have been different" (quotations omitted)). Accordingly, petitioner's second objection is overruled, and the court adopts the recommendation of the M&R that the government be granted summary judgment as to petitioner's claim for ineffective assistance of counsel based upon his sentence.

Petitioner's third objection is that he is mentally ill and has an I.Q. level below 55, and therefore was not mentally capable of entering into a knowing and voluntary plea agreement. Once again, this assertion is flatly contradicted by petitioner's statements at arraignment. Petitioner's mental diagnoses and cognitive functioning were specifically brought to the court's attention by Smith. See Tr. Arraignment Hr'g 13. In response, the court asked petitioner numerous questions about the medications he was receiving, and carefully confirmed his ability to understand the proceedings, and found him competent to enter pleas in the matter. See id. at 13-16. Petitioner stated no less than five times, in response to the court's questioning, that he understood what was happening and why he was in court. See id. at 14-15. Accordingly this objection is overruled.[4]

Petitioner finally objects to the recommended finding that he did not instruct Smith to file an appeal, and therefore Smith was not ineffective for failing to do so. Failure to comply with a client's request to file an appeal constitutes *per se* ineffective assistance of counsel. United States v. Peak, 992 F.2d 39, 42 (4th Cir.1993). Evidentiary hearing was held on this matter and both petitioner and Smith testified. Petitioner testified that he instructed Smith to appeal; Smith testified that petitioner never so instructed. Noting inconsistencies in petitioner's testimony, the magistrate

---

[4] The court also notes that petitioner failed to raise any such issue on direct appeal. As will be discussed, *infra*, the court finds that petitioner did not instruct Smith to file an appeal. Because petitioner did not raise this claim on appeal, and a "collateral challenge may not do service for an appeal," U.S. v. Frady, 456 U.S. 152, 165 (1982), this claim is therefore procedurally defaulted. Petitioner fails to show the requisite cause and prejudice necessary to overcome such a procedural default. See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).

7

judge did not find petitioner credible, and credited Smith's testimony.

"[R]eview of factual findings under the clearly-erroneous standard-with its deference to the trier of fact-is the rule, not the exception." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 675 (1985). The Supreme Court went on to hold that

> "[w]hen findings are based on determinations regarding the credibility of witnesses, Rule 52(a) demands even greater deference to the trial court's findings; for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said."

Id.; see also Beatty v. Chesapeake Center, Inc., 818 F.2d 318, 321 (4th Cir. 1987) ("The unique opportunity to observe the demeanor of witnesses requires that the trier of fact's credibility determinations be accorded great deference."). As was noted above, the district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). While a "*de novo* determination is not necessarily the same as a *de novo* hearing . . . even as to those findings based on the magistrate's judgment as to the credibility of the witnesses before him," Proctor v. State Government of North Carolina, 830 F.2d 514, 518 n.2 (4th Cir. 1987), "it is unlikely that a district judge would reject a magistrate's proposed findings on credibility when those findings are dispositive and substitute the judge's own appraisal." United States v. Raddatz, 447 U.S. 667, 681 n.7 (1980).

The court has conducted a thorough *de novo* review of the record including defendant's motion to vacate and supporting briefing, the transcripts of the hearing before the magistrate judge, the M&R and petitioner's objections thereto, and of the governing law. Finding no reason to disturb the magistrate judge's credibility determination, and also noting the inconsistencies in petitioner's assertions as to when he told Smith to file an appeal, compare Tr. Evid. Hr'g 14 (petitioner asserts he instructed counsel to appeal his sentence both before and after sentencing) with Warford Aff. ¶

8

3 (DE 59) (saying only that he instructed counsel to appeal after his sentencing), the court also finds credible Smith's assertion that petitioner never instructed him to file an appeal. Accordingly petitioner's final objection is overruled.[5]

2. Findings and Recommendations to which Petitioner does not Object

Petitioner does not object to the M&R's recommendation that the government be granted summary judgment on petitioner's second, third, and fourth grounds for relief. Upon careful review of the record, the court adopts this recommendation. With respect to ground two, petitioner was not denied his constitutional rights where he waived his right to cross examine witnesses by pleading guilty. Nor was he wrongfully convicted, indeed, he admitted his guilt by his plea. Tellingly, in his motion to vacate, petitioner states that "I am not saying I am not guilty because I very much so am." Pet.'s Mot. to Vacate 8.

As to petitioner's third ground regarding double jeopardy, his federal conviction does not run afoul of the Constitution despite his state conviction based upon the same events. As noted in the M&R, the Constitution does not deny State and Federal governments the power to prosecute for the same conduct. Rinaldi v. U.S., 434 U.S. 22, 28 (1977).

Finally, petitioner's fourth ground, that he did not have a suppression hearing, is without

---

[5] The court notes that the M&R recommends granting the government's motion for summary judgment with respect to petitioner's claim for ineffective assistance due to his counsel's failure to file an appeal. As this recommendation is based upon a credibility determination, the court notes that summary judgment is not appropriate here. See Ray Commc'ns, Inc. v. Clear Channel Commc'ns, Inc., 673 F.3d 294, 205 (4th Cir. 2012) ("[C]redibility determinations are not fodder for summary judgment proceedings."). The Fourth Circuit has also held that "a district court may not credit an attorney's affidavit over a petitioner's verified papers without conducting an evidentiary hearing." United States v. Crawford, 161 F.3d 4, 1998 WL 610870 (4th. Cir 1998) (unpublished table decision) (citing Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991)). In this case, however, petitioner was given an evidentiary hearing on this very issue due to the fact that there were "disputed material facts and a credibility determination is necessary to resolve the issue." July 22, 2013, Notice of Hearing (DE 48). Thus, where the court held an evidentiary hearing to resolve genuine issues of material fact, and reached the merits of petitioner's motion to vacate, the court construes the M&R's recommendation as a recommendation to deny this ground for relief on the merits after evidentiary hearing.

9

merit where he fails to show what evidence would have been suppressed, or even identify any evidence he would argue could be suppressed.

Based on the foregoing, the court adopts the recommendation of the M&R that summary judgment for the government is proper as to petitioner's second, third, and fourth ground.

C.   Certificate of Appealability

A section 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are

10

adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS in large part the recommendation in the M&R (DE 60). The court GRANTS IN PART the government's motion for summary judgment (DE 41) as to all of petitioner's grounds for relief save ineffective assistance for failure to file an appeal and DENIES petitioner's motion to vacate (DE 38) on this remaining ground. Petitioner is DENIED a certificate of appealability.

SO ORDERED, this the 26th day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge